NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-833

DAVID W. BROSSI & another[1]

vs.

TOWN OF GRAFTON & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

David W. Brossi and Brigati Village, LLC (together, Brigati Village), filed an application with the planning board of Grafton (board) seeking a special permit and site plan approval to build a multi-family residential development. R5 357. The project required waivers from a provision of the town of Grafton's (town) subdivision rules imposing length restrictions on dead-end streets. R5 360. The board denied the waivers and on that basis denied Brigati Village's application. R1 534-55.

---

[1] Brigati Village, LLC. R1 20.

[2] Planning Board of Grafton and David Robbins, Robert Hassinger, Linda Hassinger, Justin Wood, Prabhu Balaji Venkataraman, and Maura McCormack, in their capacities as members of the Planning Board of Grafton. R1 20.

After Brigati Village sought review under G. L. c. 40A, § 17, a Land Court judge first remanded the case to the board for further proceedings and then upheld the denial of the waivers after remand, despite finding several legal and factual errors in the board's remand decision. R5 357-58, 376. Judgment entered accordingly, and Brigati Village appeals. R5 377-80. We reverse.

Background. Brigati Village filed its application with the board in February 2019. R5 360 (FF 7). Its original proposal did not create any dead-end streets but required extensive landscape changes to create an accessway to Church Street, which fronts the property. R5 360-361 (FF 7). Even with those changes, drivers trying to enter or exit via the accessway would not have adequate views of oncoming traffic on Church Street. R5 360 (FF 7). After town officials expressed concerns about the design, Brigati Village modified its proposal to eliminate the Church Street accessway by creating two dead-end streets, measuring 926.6 and 1,052.8 feet in length. R5 361-362 (FF 7).

The town's zoning bylaw required Brigati Village to obtain a special permit before it could begin construction. R5 359-360 (FF 3, 7). In turn, to obtain a special permit, Brigati Village needed the board to waive a provision in the town's subdivision rules requiring that dead-end streets not exceed 500 feet. R5 359-360 (FF 4-6). The subdivision rules expressly allow the

2

board to waive this requirement "[i]n the unusual event that topography or other site conditions justify" a waiver and if "there is a substantial public or conservation benefit to be achieved." R5 360 (FF 6).

After holding public hearings on Brigati Village's application, the board found that the project design offered several public and conservation benefits, including avoidance of major topographic changes and minimization of tree removal and wetland disturbance, and that the application was "in harmony with the general purpose and intent of the" bylaw. R1 532 (FF 58), 529-531 (FF 40-42). The board further found that "ingress and egress to the property and proposed structures thereon with particular reference to automotive and pedestrian safety and convenience, traffic flow and control and access in case of fire or catastrophe, are adequate." R1 531 (FF 48). Nonetheless, for reasons that are not discernible from the decision, the board voted three to two to deny Brigati Village's request to waive the dead-end street restriction. R1 533. Based on the denial of the waivers, the board then voted to deny Brigati Village's application. R1 534-35.

Brigati Village filed a complaint for review under G. L. c. 40A, § 17. R1 542. After a bench trial, the judge concluded that the board failed to state adequate reasons for denying the waivers; in particular, the board failed to explain why it

3

granted a waiver in 2003 to a comparable development, Hill View Estates 1 (Hill View), but "declined without explanation Brigati Village's request for the same waiver." R1 559. The judge thus remanded the matter to the board to reconsider or to provide further explanation for its decision. R1 541, 558-561.

On remand, without holding another public hearing or taking any additional evidence, the board again denied the waivers, this time by a vote of four to one. R1 539. In its remand decision, the board explained that various factual differences, such as the length of the dead-end streets and the number of units, distinguished Brigati Village's project from Hill View. R1 538. The board then found "[u]pon reconsideration" that "adequate access will not be provided to all lots in the development by ways that will be safe and convenient for travel" and that there was no "substantial public or conservation benefit to be achieved by granting of the waiver." R1 539.

Brigati Village filed a second complaint for review under G. L. c. 40A, § 17. R1 20. The same judge held another bench trial, after which he issued a detailed decision upholding the board's denial of the waivers. While observing that the board's remand decision contained "multiple errors of law and fact" and could not be squared in some ways with its original decision, the judge concluded that, "under the correct criteria" and based

4

on the evidence at trial, the board had the discretion to deny the waivers. R5 376. This appeal followed.

Discussion. In an action under G. L. c. 40A, § 17, a trial judge makes factual findings de novo without giving weight to those of the board. See Wendy's Old Fashioned Hamburgers of N.Y., Inc. v. Board of Appeal of Billerica, 454 Mass. 374, 381 (2009) (Wendy's). On appeal we then accept the judge's factual findings absent clear error, while giving deference to the board's legal conclusions based on the facts as found by the judge. See id. at 383. Although the standard we employ is highly deferential to the board's interpretation and application of the bylaw, the board's discretion "is not limitless." Id. For instance, "[d]eference is not appropriate when the reasons given by the board lacked substantial basis in fact" or were "unreasonable, whimsical, capricious or arbitrary" (quotations and citations omitted). Shirley Wayside Ltd. Partnership v. Board of Appeals of Shirley, 461 Mass. 469, 475 (2012).

Here, Brigati Village argues that the board's denial of the dead-end street waivers should be overturned for two main reasons: the board is bound by its prior practice of routinely granting similar waivers (Bl Br 29-36), and the board's remand decision lacked a substantial factual basis (Bl Br 36-47). With respect to the first argument, we agree with the judge that, with the exception of Hill View, the prior waivers identified by

5

Brigati Village have little relevance to whether the board acted arbitrarily in this case. Those prior waivers involved major residential developments governed by section 5.3.14 of the bylaw -- which "strongly encourage[s]" the board to waive the dead-end street restriction "in the interests of good design" (R5 145) -- or developments that were not subject to roadway design standards. R5 366-368 (FF 24-28, major/flexible developments); R5 75 (defining flexible development as type of major development); R1 550 (FF 34, minor development). In contrast, Brigati Village seeks to build a multi-family residential development, to which section 5.3.14 does not apply. R5 365 (FF 19), 371 n.3. This difference in legal standards is reason alone why those prior waivers did not compel the board to grant Brigati Village's request. And with respect to Hill View, which was also a multi-family residential development, Brigati Village has not shown how the judge erred by following Lakeside Builders v. Planning Bd. of Franklin, 56 Mass. App. Ct. 842, 848 (2002), which held that a planning board was not bound to grant a dead-end street waiver merely because it had granted a waiver for a similar project eight years earlier. R5 375-376.

Brigati Village's second argument fares better, however. Although the board was not bound by its precedent to grant the waivers, it still had to provide adequate reasons for denying them. See Wendy's, 454 Mass. at 387 ("where no . . . reasons

6

are given, . . . a reviewing court cannot be satisfied that a board's actions are not arbitrary, a pretext, or otherwise impermissible").  As we read the board's remand decision, the denial appears to be based in part on Brigati Village's purported failure to put forward any "substantial public or conservation benefit" that would be achieved from granting the waivers.  R1 539.  But the judge concluded that this finding could not be squared with the board's original decision, which "found a host of public and conservation benefits associated with not building the Church Street accessway."  R5 372.  The board does not argue that the judge erred in this respect, nor does it rely on the absence of a "substantial public or conservation benefit" as a basis to support its remand decision.

Instead, the board argues that it was justified in denying the waivers because of safety issues caused by inadequate access for emergency vehicles.  R Br 21-27.  But this rationale also contradicts the board's original decision.  As mentioned, the board originally found that "ingress and egress to the property and proposed structures thereon with particular reference to automotive and pedestrian safety and convenience, traffic flow and control and access in case of fire or catastrophe, are adequate."  R1 531 (FF 48).  The original decision further states that "Fire Department access and circulation has been accommodated."  R1 531 (FF 48).  The board did not take any

additional evidence on remand and did not offer any rational explanation for why it made contradictory findings on the same evidentiary record.[3]  Denying the waivers based on alleged safety concerns was therefore arbitrary and capricious.  See Wendy's, 454 Mass. at 386 (board's decision denying modification of special permit was arbitrary and capricious where it "contain[ed] no explanation or permissible inference as to why" modification would be detrimental to public or inconsistent with purpose of zoning bylaws).

To the extent the board argues it had blanket discretion to deny the waivers, we disagree.  R Br 22-24.  While a local board certainly has broad discretion to approve or deny a permit, it must still supply the reasons for its decision, which must in turn be based on a rational view of the facts.  See Wendy's, 454 Mass. at 385-387.  For the reasons discussed, the board's remand decision does not meet this standard and thus cannot stand.  See id.; McLaughlin v. Zoning Bd. of Appeals of Duxbury, 102 Mass. App. Ct. 802, 814 (2023).[4]

---

[3] Brigati Village claims that the evidence at trial also supported the board's original findings that emergency access was adequate.  Bl Br 44.  The board does not argue otherwise, and the judge did not make any findings of his own that contradict the board's original findings.

[4] Deciding the appeal on this basis, we need not reach Brigati Village's arguments that the board acted with ulterior motive and that the judge erred in allowing a board member to testify at trial.  Bl Br 49-53.

Ordinarily, when a board fails to state adequate reasons for its decision, we would order a remand to the board for further proceedings.  See Wendy's, 454 Mass. at 382-383.  But when a remand would be "futile or would postpone an inevitable result," granting particular relief is appropriate.  Id. at 388.  Considering the age and history of this case, we conclude that another remand to the board would delay an inevitable result and not serve the interests of justice.  See id. at 388-389; MacGibbon v. Board of Appeals of Duxbury, 369 Mass. 512, 520 (1976); Crittenton Hastings House of Florence Crittenton League v. Board of Appeal of Boston, 25 Mass. App. Ct. 704, 715 (1988).

Accordingly, the judgment is reversed, and the matter is remanded for entry of a new judgment annulling the board's decision and directing the board to proceed expeditiously to issue the special permit and site plan review with the requested waivers.

So ordered.

By the Court (Rubin, Shin & Singh, JJ.[5]),

Clerk

Entered: February 5, 2026.

---

[5] The panelists are listed in order of seniority.

9